Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
**JACKSON LEWIS LLP**
3960 Howard Hughes Parkway
Suite 450
Las Vegas, Nevada 89169
Tel:  (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*
*Circus Circus Casinos, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CLIFTON DYKES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CIRCUS CIRCUS CASINOS, INC., a domestic corporation,<br><br>Defendant. | Case No. 2:10-cv-00327-LDG-RJJ<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION ON THE PLEADINGS TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION** |

**I.    INTRODUCTION**

Defendant Circus Circus Casinos, Inc. ("Defendant") moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) on Plaintiff Clifton Dykes' ("Plaintiff") Third Cause of Action ("Negligent Training and Supervision") because his Complaint lacks an allegation that is required to state such a claim under Nevada law: that he was the victim of actual or threatened physical harm.  In his Opposition, Plaintiff does not dispute that fact.  Indeed, Plaintiff concedes it and merely argues that an allegation of threatened or actual physical harm is unnecessary.

Plaintiff's argument has no merit.  It is not supported by any authority.  His Opposition cites to only a single district court case, *Lambey v. State of Nevada*. 2:07-cv-1268-RLH-PAL, 2008 U.S. Dist. LEXIS 51155, at *5-6 (D. Nev. July 3, 2008), and *Lambey* simply does not stand for the holding that Plaintiff attempts to attribute to it.  It merely sets forth a non-exclusive list of

elements that can establish a negligent training and supervision claim. The defendant in that case did not argue, and the court did not consider, whether the threat of physical harm or injury is a necessary element of such a claim.

In contrast, the overwhelming authority cited in Defendant's Motion, which Plaintiff does not even attempt to distinguish, directly contradicts Plaintiff's contention. That authority holds that Nevada law requires at least a threat of physical harm in order to state a claim for negligent training and supervision. Accordingly, because Plaintiff has conceded that he was not the victim of such a threat, his Third Cause of Action fails as a matter of law and must be dismissed with prejudice.

## II.   ARGUMENT

Courts in this district – like other federal trial and appellate courts across the country – have repeatedly held that to state a claim for negligent supervision and training under Nevada law, a plaintiff must be able to show that he suffered or was threatened with physical harm.[1] *See Hall v. Raley's*, 3:08-cv-00632-RCJ-VPC, 2010 U.S. Dist. LEXIS 727, at *25-29 (D. Nev. Jan. 6, 2010) (discussing Nevada law and majority view that negligent supervision, retention and hiring claims require physical injury); *Houston v. Wynn Resorts*, 2:06-cv-01502-KJD-GWF, 2007 U.S. Dist. LEXIS 32121, at *2 (D. Nev. May 1, 2007) ("a negligent hiring, training and supervision case requires that Plaintiff suffer a physical harm or injury, not mere economic loss"); *Blanck v. Hager,* 360 F.Supp.2d 1137, 1157 (D. Nev. 2005) (granting motion to dismiss negligent hiring

---

[1] The holdings in *Hall*, *Houston*, and *Blanck*, are in accord with the trend in other jurisdictions to limit negligent hiring, retention and training claims to cases involving actual physical injury. *See, e.g., Wolf v. Fauquier County Bd. of Supervisors*, 555 F.3d 311, 320 (4th Cir. 2009) ("serious physical injury" is a required element of negligent hiring claim); *Jernigan v. Alderwoods Group, Inc.*, 489 F. Supp. 2d 1180, 1204 (D. Or. 2007) (judgment as a matter of law because plaintiff suffered no physical injury); *Staples v. Caremark L.L.C.*, SA-08-CV-831-XR, at *15-17 (W.D. Tex. Oct. 29, 2009) ("negligent hiring, retention, supervision and training claims based on a discrimination allegation cannot survive because statutory discrimination claims are not a common law tort").

and retention claim because Nevada law requires physical injury); *Lopez v. UPS*, 2:04-cv-0732-JCM-GWF, 2009 U.S. Dist. LEXIS 47520 (D. Nev. Mar. 12, 2009) (granting summary judgment because no evidence of assault or physical threat); *see also Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94 (1996); *Rockwell v. Sun Harbor Budget Suites,* 112 Nev. 1217, 925 P.2d 1175 (1996) (duty to investigate violent propensities of employees to prevent undue risk of harm to others).

Nonetheless, Plaintiff claims that "physical injury is not a mandatory to a claim a right for relief for Negligent Training and Supervision." [sic]  Opposition 4:6-7. In making this argument, however, Plaintiff makes no effort to distinguish the above-referenced authority and essentially concedes that if the Court follows its reasoning, his Third Cause of Action for Negligent Training and Supervision fails as a matter of law because he never suffered a threat of physical injury or suffered actual physical harm at the hands of Defendant or any of its employees.

In fact, Plaintiff offers only a single case in support of his position: *Lambey v. State of Nevada*, 2:07-cv-1268-RLH-PAL, 2008 U.S. Dist. LEXIS 51155, at *5-6 (D. Nev. July 3, 2008).[2] *Lambey*, however, is inapposite.  It simply does not, as asserted by plaintiff, hold that actual or threatened physical injury is not a necessary element of such a claim.  *Id.* at *9-10.  *Lambey*

---

[2]  Plaintiff also cites *Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94 (1996) and *Jespersen v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189, 1195 (D. Nev. 2002), but neither case is discussed.  To the extent that *Jespersen* speaks to the issue, it supports Defendant's position because it suggests that alleged discrimination is insufficient on its own to establish a negligent training and supervision claim.  *See Jespersen*, 280 F. Supp. 2d at 1995.  *Hall v. SSF* does not support Plaintiff's argument.  Other decisions in the District of Nevada that have considered *Hall v. SSF* concluded that its holding requires a plaintiff to allege physical harm in order to establish an "injury" sufficient to state a claim for negligent training and supervision.  *See, e.g., Hall v. Raley's*, 2010 U.S. Dist. LEXIS 727 at *25-29.

merely recites a list of factors and analyzed whether the plaintiff had adequately alleged a failure to train.[3] *Id.* It does not discuss whether a threat of physical injury or touching is a necessary element or a negligent training and supervision claim. *Id.* at *9-11. Indeed, that issue was not even before the court because the defendant in *Lambey* did not raise such an argument. *Id.* at *9-10.[4]

However, even if the Court considered *Lambey* for the holding that Plaintiff attempts to attribute to it, the Court should still grant Defendant's Motion. Unlike *Lambey*, the cases cited in the Motion specifically analyze whether Nevada law requires actual or threatened physical injury, and found that Nevada law does have such a requirement. *Hall v. Raley's*, 2010 U.S. Dist. LEXIS 727 at *25-29, is the most recent case in the District of Nevada that addresses the tort of negligent training and supervision in the context of an employment discrimination case, and its treatment of the issue is comprehensive. In *Hall*, the court considered whether an employment discrimination plaintiff could state a claim for negligent supervision and training. It conducted an extensive review of precedent from the Nevada Supreme Court, the District of Nevada and other federal courts across the country before it specifically held that "**physical harm is necessary for a negligent retention and supervision claim in Nevada.**" *Id.* at *28-29 (emphasis added).

---

[3] Importantly, it appears that the *Lambey* plaintiff did allege that she had been physically accosted by her supervisor. The plaintiff pleaded a claim for intentional infliction of emotional distress and the court noted that her supervisor was accused of engaging in "sexual misconduct." *Lambey*, 2008 U.S. Dist. LEXIS 51155 at *10. The opinion also references the plaintiff's allegations that her supervisor had touched her, rubbed her pants, and "put his hands beneath plaintiff's jacket and rubbed her back while making moaning sounds." *Id.* at *2-4. Accordingly, it also appears that *Lambey* is distinguishable from this case on its facts because Plaintiff has conceded he never suffered any physical contact.

[4] In fact, although Plaintiff does not cite to it, a subsequent decision in *Lambey* that was issued just a few weeks ago, and which found the *Lambey* plaintiff's claims deficient as a matter of law, makes it clear that the issue of whether the plaintiff suffered a physical injury was not before the court. *See Lambey v. State of Nevada*, 2:07-cv-1268-RLH-PAL, 2010 U.S. Dist. LEXIS 34384, at *10-12 (D. Nev. Apr. 7, 2010). The holding in *Lambey* concerned whether the defendant had adequately trained its staff, and such a holding is inapplicable to this case.

*Houston*, 2007 U.S. Dist. LEXIS 32121 at *2, and *Blanck*, 360 F.Supp.2d at 1157, also considered employment discrimination claims, and like *Hall,* determined that an employment discrimination plaintiff cannot state a claim for negligent supervision or training without establishing that he suffered actual or threatened physical harm.  These decisions are in accord with the two Nevada Supreme Court cases that discuss and recognize the tort of negligent training and supervision, *Hall v. SSF, Inc.*, and *Rockwell.*  Both decisions place special emphasis on the fact that the plaintiff in each respective case suffered a severe physical injury.  Indeed, the plaintiff in *Hall* was assaulted by a bar bouncer and suffered a broken jaw, 930 P.2d at 99, and the plaintiff in *Rockwell* was the estate of a woman who was shot and killed by a motel security guard.  112 Nev. at 1220, 925 P.2d 1175.

In sum, Nevada law clearly requires threatened or actual physical harm in order to state a claim for negligent training and supervision.  Plaintiff's Complaint contains no such allegation; and, his Opposition concedes that he did not suffer such an injury.  *See* Opposition 2:13-3:4 and 4:19-24.  Accordingly, Plaintiff's Third Cause of Action fails as a matter of law and must be dismissed with prejudice.

### III.    CONCLUSION

For the reasons set forth above, the Third Cause of Action in Plaintiff's Complaint should be dismissed with prejudice.

Dated this 7th day of May, 2010.

JACKSON LEWIS LLP

　　　/s/ Elayna J. Youchah　　　
Elayna J. Youchah, Bar No. 5837
3960 Howard Hughes Parkway
Suite 450
Las Vegas, Nevada  89169

*Attorneys for Defendant*

JACKSON LEWIS LLP
LAS VEGAS

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis LLP and that on this 7th day of May, 2010, I caused to be served a true and correct copy of the above and foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION ON THE PLEADINGS TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION** via the United States Mail, postage prepaid, properly addressed to the following:

Sharon L. Nelson
Rebekah Baumgardner
Nelson Law
401 N. Buffalo, Suite 100
Las Vegas, Nevada  89145

*Attorneys for Plaintiff*

                                                /s/ Emily Santiago
                                       Employee of Jackson Lewis, LLP

4835-3294-4134, v.  1